## LOUISIANA STATE BANK vs. MORGAN, DORSEY, & CO.

APPEAL from the court of the first district.

On an application to remove a cause to the U. States' court, evidence must be given that the defendant is a citizen of another state.

The appellant may bring up either the original petition of appeal, or a copy.

PORTER, J., delivered the opinion of the court. One of the defendants applied to the court below, to remove the cause into the district court of the United States, on the ground that he was a citizen of Pennsylvania. On his filing bond, the application was granted. The counsel for the plaintiffs moved to have the order set aside, and the court having refused to do so, this appeal was taken.

It is contended, this removal was incorrectly made, because no proof of any kind accompanied the demand; that there is not even

the affidavit of the defendant, of the fact on
which he claimed this privilege.

We think the court below erred. The words of the act of congress are, " If a suit be commenced in any state court, against an alien, or by a citizen of the state in which the suit is brought, against a citizen of another state, and the matter in dispute exceeds the aforesaid sum or value of $500, exclusive of costs, *to be made to appear to the satisfaction of the court ;* and the defendant. &c."

The grammatical construction of this sentence requires, that all these circumstances should appear to the satisfaction of the court. The reason and convenience of the thing require it. We do not mean to say that the same proof is necessary, as in establishing the facts on which judgment is prayed, or that the opposite party can introduce testimony to disprove that presented by the defendant, but *prima facie* evidence should at least be offered, before the court surrenders its jurisdiction.

An objection has been taken, that this cause was not properly before the court; because a copy instead of the original petition of appeal comes up. The practice in the country, and the city, has been different in this matter, and

East'n. District.
March, 1826.

LOUISIANA
STATE BANK
vs.
MORGAN,
DORSEY, & co.
until now, both modes have been pursued without opposition. We think that either is correct. The proceedings are certainly not vitiated by giving us the original, and the words of the law, taken literally, seem to support this construction; but the reason of the thing is certainly the other way, for the original of the proceeding, which deprives the inferior court of further jurisdiction, should remain in that tribunal; and the inconvenience that would result, in case it was lost, is an additional circumstance why a copy should come up. According to the provisions of the 584th article of the *Code of Practice*, the petition of appeal *must be delivered, or transmitted by the sheriff, to the clerk of the court of appeals*; and by the next succeeding article, the clerk of the court of the first instance, is directed to annex the petition of appeal to the transcript of proceedings, *and deliver them to the appellee.* It would be impossible to comply with these regulations, unless a copy was used in one, or the other case.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided and reversed, and it is

further ordered, adjudged, and decreed that the case be remanded to the district court, with directions to proceed therein according to law, and that the appellee pay the costs of this appeal.

LOUISIANA
STATE BANK
*vs.*
MORGAN,
DORSEY, & co.

*Livermore* for the plaintiffs, *Hennen* for the defendants.